**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICOLE VINCI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 17-cv-1447 |
| BEENVERIFIED, INC., a Delaware corporation d/b/a PEOPLELOOKER, | |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant BeenVerified, Inc. ("BeenVerified") hereby removes the above-titled action, pending as Case No. 2017-CH-00992 in the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court Action"), to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, BeenVerified states:

## BACKGROUND

1.      On January 23, 2017, Plaintiff Nicole Vinci filed a putative class action complaint ("Complaint" or "Compl.") in the Circuit Court of Cook County, alleging on behalf of herself and others similarly situated that BeenVerified violated the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq.*, by using the names of Illinois residents in search engine advertisements to sell background checks and data reports about individuals. Compl. ¶¶ 1-6.

2.      BeenVerified was served with a summons and Complaint in the State Court Action on January 27, 2017. Copies of the summons and Complaint are attached hereto as Exhibit 1.

3.      Plaintiff alleges that she is a citizen of Illinois. Compl. ¶ 7.

4.      BeenVerified is a Delaware corporation with its principal place of business in New York, New York, and is therefore a citizen of both Delaware and New York. *See* 28 U.S.C. 1332(c)(1).

## JURISDICTIONAL BASIS FOR REMOVAL
### Class Action Fairness Act, 28 U.S.C. 1332(d)

5.      This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), which provides for federal jurisdiction over class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). These requirements are satisfied here.

Class Action Status

6.      The State Court Action meets the definition of a "class action" under CAFA because Plaintiff brings class allegations pursuant to 735 ILCS 5/2-801, a "State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. 1332(d)(1)(B); *see* Compl. ¶¶ 34-38.

Number of Proposed Class Members

7.      CAFA requires that a putative class consist of at least 100 persons. 28 U.S.C. 1332(d)(5)(B). Plaintiff alleges that the exact number of proposed class members is not yet known, *see* Compl. ¶ 35. However, Plaintiff seeks to pursue her claim on behalf of:

> All Illinois residents (1) whose names were displayed in one or more BeenVerified advertisement(s) on Google or Bing, and (2) who have never purchased any products or services from BeenVerified.

Comp. ¶ 34. The Complaint alleges that the proposed class would exceed 100 members.

Amount in Controversy

8.    CAFA requires that the aggregate amount in controversy exceed $5,000,000.  *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.")

9.    "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

10.    The Complaint alleges that the amount in controversy exceeds the threshold amount based on the nature of the damages sought and Plaintiff's definition of the proposed class.

11.    Plaintiff's Prayer for Relief seeks "injunctive and other equitable relief," "punitive damages," and "the greater of actual damages, including the profits derived from the unauthorized use of same, or statutory damages in the amount of $1,000 per violation." Compl. at 12, "Prayer for Relief."

12.     The Complaint alleges the $5,000,000 threshold amount under CAFA based on the allegation of the applicability of statutory damages of $1,000 per violation and a class that allegedly would exceed 5,001 members (roughly .04 percent of the population of Illinois).

13.     The starting point for the proposed class is "all Illinois residents," Compl. ¶ 34, and the U.S. Census Bureau estimates Illinois' population at approximately 12.8 million people. *QuickFacts Illinois*, UNITED STATES CENSUS BUREAU, http://www.census.gov/quickfacts/table/PST045216/17 (last visited Feb. 23, 2017). This amounts to approximately 3.9% of the total U.S. population, which is estimated at 323 million people. *QuickFacts United States*, UNITED STATES CENSUS BUREAU, https://www.census.gov/quickfacts/table/PST045216/00 (last visited Feb. 23, 2017).

14.     Although BeenVerified does not agree with Plaintiff's theory of the case regarding Dynamic Keyword Insertion, given the volume of search responses served on behalf of BeenVerified and the Illinois population in relation to the U.S. population as a whole, the class size plausibly exceeds 5,000. Plaintiff's proposed class and demand for statutory damages therefore set forth a plausible allegation that the jurisdictional amount under CAFA is met.

15.     In addition, actual damages, punitive damages, and the value of equitable relief may also be considered in assessing the jurisdictional threshold amount under CAFA. *See, e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-75 (7th Cir. 2011) (finding district court erred in remanding case where actual damages were $600,000 because value of restitution and prospective relief would be about $2 million and it was legally possible plaintiffs would be awarded $3 million in punitive damages).

16.     "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the

plaintiff to recover that much." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) (internal citations omitted). Here, given the breadth of the allegations in the Complaint, Plaintiff cannot show that it is "legally impossible" for the class to recover in excess of the $5,000,000 jurisdictional minimum.

> Diversity of Citizenship

17.     There is sufficient diversity of citizenship under CAFA in this action. Plaintiff is a citizen of Illinois. Defendant is a citizen of Delaware and New York, and is not a citizen of Illinois. Accordingly, this is a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

> Exceptions to CAFA

18.     CAFA contains three exceptions to federal jurisdiction that can only apply when the defendant is a citizen of the state in which the action was originally filed. *See* 28 U.S.C. §§ 1332(d)(3)-(4). Because BeenVerified is not a citizen of Illinois, none of these exceptions apply.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

19.     Removal is Timely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b)(1). BeenVerified received a copy of the initial pleading when it was served with a summons and Complaint in the State Court Action on January 27, 2017. *See* Exhibit 1. This Notice of Removal is therefore timely filed.

20.     Removal to Proper Court. Removal to this Court is proper because it is "the district and division within which [the State Court Action] is pending," 28 U.S.C. § 1446(a).

21.    <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" BeenVerified in the State Court Action is attached hereto as Exhibit 1.

22.    <u>Notice to Adverse Parties and State Court</u>. Promptly after the filing of this Notice of Removal, BeenVerified will serve a copy on all counsel of record and file a copy with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d).

23.    This Notice of Removal is based solely on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiff's claim, the ability to certify a class or the existence of injury or damages.

WHEREFORE, Defendant BeenVerified, Inc. respectfully removes this action to the United States District Court for the Northern District of Illinois for all further proceedings.


Dated: February 24, 2017                              Respectfully submitted,

                                                      BEENVERIFIED, INC.

                                                      By:    /s/ Steven L. Baron
                                                             One of its attorneys

Steven L. Baron (ARDC #6200868)
Brendan J. Healey (ARDC #6243091)
Cristina M. Salvato (ARDC #6315714)
MANDELL MENKES LLC
1 North Franklin Street, Suite 3600
Chicago, IL 60606
(312) 251-1000

Jon M. Talotta (*Pro Hac Vice* Application to be filed)
Hogan Lovells US LLP
Park Place II, Ninth Floor
7930 Jones Branch Drive
McLean, VA 22102
(703) 610-6100

*Counsel for Defendant, BeenVerified, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing

document was served by e-mail and U.S. mail on February 24, 2017 on the following:

> Benjamin H. Richman
> Ari J. Scharg
> EDELSON PC
> 350 N. LaSalle Street, 13th Floor
> Chicago, Illinois 60654
> brichman@edelson.com
> ascharg@edelson.com
>
> *Counsel for Plaintiff*

       /s/ Steven L. Baron